IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Trevee Gethers, | Case No.: 1:19-cv-01088-SAL |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Bryan Stirling, Commissioner, South Carolina Department of Corrections, and Randall Williams, Warden of Lieber Correctional Institution, | |
| Respondents. | |

Petitioner filed this action seeking a writ of habeas corpus on April 15, 2019. ECF No. 1. On July 1, 2019, Respondents filed a Return, a Motion for Summary Judgment, and a Motion to Strike Exhibits Attached to Petition for Writ of Habeas Corpus. ECF Nos. 8, 9, 10. Petitioner moved for an evidentiary hearing on July 11, 2019. ECF No. 12. On October 17, 2019, in accordance with 28 U.S.C. § 636(b) and Local Civ. Rule. 73.02(B)(2)(c), United States Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report"), ECF No. 17, recommending that the Court grant Respondents' Motion for Summary Judgment, deny Respondents' Motion to Strike, deny Petitioner's Motion for an Evidentiary Hearing, and dismiss the Petition with prejudice. Petitioner timely objected to the Report on October 29, 2019, ECF No. 19, and Respondents replied. ECF No. 20.

## I.    Background

Petitioner Trevee Gethers, an inmate at Lieber Correctional Facility, is currently serving a forty-five-year sentence for the murder of Robert Earl Robertson, which occurred on September 17, 2007. Petitioner was convicted on November 19, 2010, after a three-day jury trial in the

Dorchester County Court of General Sessions. In the interest of brevity, the Report's recitation of the evidence adduced at trial is incorporated herein by reference. ECF No. 17 at 19-23. As detailed in the Report, Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral review in post-conviction relief ("PCR") proceedings. After the South Carolina Court of Appeals denied certiorari on Petitioner's PCR challenges, he timely sought a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, alleging the following grounds for relief:

1. The South Carolina Court of Appeals erred when it found the trial court did not err when she declined to grant petitioner's motion for a directed verdict when the evidence at trial was not sufficient to support his conviction for murder;

2. Trial Counsel rendered ineffective assistance of counsel when she did not secure the attendance of a witness who gave a statement to the Dorchester County Sheriff's Office shortly after the murder informing them that he witnessed someone else shoot the decedent;

3. The PCR court erred in finding that Petitioner was not denied his rights under the Sixth and Fourteenth Amendments to the effective assistance of counsel when counsel failed to object to the admission of Petitioner's mugshot from his prior arrest approximately four months before the murder where no demonstrable need of the mugshot was established, the mugshot plainly suggested to the jury that Petitioner had a prior record, and the origin of the mugshot was clear as it stated "Charleston County Sheriff's Office Detention Center" at the top of the photograph and listed the "booking date."

4. The PCR court erred in finding that Petitioner was not denied his rights under the Sixth and Fourteenth Amendments to the effective assistance of counsel when counsel failed to object to the trial court's opening statement to the jury that the trial was "a search for the truth in an effort to make sure that justice is done" since this instruction was fundamentally incorrect, was burden shifting, and misdirected the jury's inquiry from the beginning of the trial forward from the correct legal question of whether the State had proved Petitioner's guilt beyond a reasonable doubt.

The parties agree that Petitioner's first and third grounds for relief are preserved and subject to review under 28 U.S.C. § 2254(d). *See* ECF No. 1 at 9, 14; ECF No 8 at

13; 49. The parties agree that Petitioner's second ground for relief is procedurally defaulted, ECF No. 1 at 12; ECF No. 8 at 35; however, Petitioner asserts this ground is subject to review pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). The Magistrate Judge found that Petitioner had abandoned his fourth ground for relief. *See* ECF No. 17 at 36. In objecting to the Report, Petitioner does not address this finding or otherwise discuss this ground for relief. Because the Report's finding is not clearly erroneous, the Court adopts the Magistrate Judge's finding that Petitioner's fourth ground for relief is abandoned.

## II.     Legal Standard

### A.     Review of a Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

### B.     Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under

applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

### C.    Habeas Corpus

Because Petitioner filed this action after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), review of his asserted grounds for habeas relief is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997). Under 28 U.S.C. § 2254(d), no petition for a writ of habeas corpus may be granted with respect to any

4

claim adjudicated on the merits in state court unless the state court's adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A federal court's independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly is insufficient for the court to issue a writ of habeas corpus. *See Williams v. Taylor*, 529 U.S. 362, 410 (2000). "Rather, that application must also be unreasonable." *Id.* A state courts factual findings are presumed to be correct, and a petitioner may overcome this presumption only with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.  Discussion

### A.  Ground One: The Report Properly Declined to Analyze Extra-record Evidence in Evaluating Petitioner's *Jackson* Claim.

Petitioner lodges a general objection to the Magistrate Judge's conclusion that Petitioner failed to show no rational trier of fact could have found Petitioner guilty of murder beyond a reasonable doubt and that the South Carolina Court of Appeals reasonably denied this challenge on direct appeal. *See* ECF No. 19 at 1-2. Petitioner cites his petition and the brief he submitted to the Magistrate Judge in support of the conclusory statement, "the evidence adduced at trial was insufficient in support of his conviction for murder." *Id.* at 2. This objection fails to specifically identify any particular portion of the Magistrate Judge's findings or reasoning as required by 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. *See, e.g., United States v. Midgette*, 478 U.S. 616, 621 (4th Cir. 2007). Further, a party is not entitled to de novo review by relying on papers submitted to a magistrate judge. *E.g., Veney v. Astrue*, 539 F. Supp. 2d 841, 845-46 (W.D. Va. 2008) (declining to engage in de novo review where party's general

objection relied on matters raised in summary judgment brief).

Petitioner objects further, however, arguing that the Report fails to consider the "impact of the additional evidence that someone other than Petitioner murdered the victim" in its analysis of this claim. ECF No. 19 at 2. Petitioner refers the Court to documents submitted as attachments to his petition, which he contends tend to show that Donsurvi Chisholm, not Petitioner, shot and killed Robert Earl Robertson. *See* ECF Nos. 1-1, 1-3. Petitioner notably omits in this objection any reference to the Magistrate Judge's conclusion that these extra-record documents should only be considered on the question of whether petitioner has shown cause and prejudice to excuse the procedural default associated with his second ground for relief. *See* ECF No. 17 at 39-40; *see also Schriro v. Landrigan*, 550 U.S. 463, 473 n.1 (2007); *Fielder v. Stevenson*, No. 2:12-CV-00412-JMC, 2013 WL 593657, at *3 (D.S.C. Feb. 14, 2013).

In the documents to which Petitioner refers, Dante Hubbart recounts what he saw at the scene of the crime on September 17, 2007. *See* ECF Nos. 1-1, 1-3. On November 28, 2007, Dante Hubbart signed a written statement with the Dorchester County Sheriff's Office that "Don" shot the victim–who was sitting in the driver's seat of a truck–through the driver's side door shortly after Petitioner exited the passenger's seat of the vehicle. *See* ECF No. 1-1 at 1. On December 11, 2018, Dante Hubbart swore that, at the time of the shooting, Petitioner had just travelled from the driver's side door to the back of the car. *See* ECF No. 1-3 at ¶¶ 5-8. In contrast to his 2007 statement, he now claims in 2018 that it was "Don Chisolm," not Petitioner, who was in the car just prior to the shooting. The probative value of this evidence, whatever it may be, is not relevant to Petitioner's claim that the Court of Appeals unreasonably affirmed the trial court's denial of his motion for a directed verdict of acquittal.

Generally, a state prisoner alleging that the evidence in support of his conviction "cannot

be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt" has a cognizable claim for habeas relief under 28 U.S.C. § 2254. *Jackson v. Virginia*, 443 U.S. 307, 321 (1979) (citations omitted). A *Jackson* "sufficiency of the evidence" review is limited, though, to "record evidence." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (citing *Jackson*, 443 U.S. at 318). It does not extend to extra-record evidence, including newly discovered evidence. *Id.* Accordingly, Petitioner's *Jackson* claim succeeds or fails based only "upon the record evidence *adduced at the trial*." *Jackson*, 443 U.S. at 324 (emphasis added).

As Petitioner acknowledges, the evidence he claims tends to prove someone else shot and killed the victim was not adduced at trial. His objection that the Report errs in failing to consider this evidence in connection with his *Jackson* claim is accordingly overruled.

**B.    Ground Two: Petitioner's Ineffective Assistance of Trial Counsel Claim is Not Substantial. Its Procedural Default is Therefore not Excused Under *Martinez v. Ryan*.**

Petitioner's second ground for habeas relief asserts he received ineffective assistance of counsel in violation of the Sixth Amendment, where trial counsel did not call Dante Hubbart as a witness. The Magistrate Judge found this claim to be procedurally defaulted and not properly before the Court under *Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner objects on the ground that the Report (1) did not consider certain extra-record affidavit evidence; (2) improperly resolved factual disputes in the state's favor at the summary judgment stage; and (3) recommends denying an evidentiary hearing.

Because this ground is procedurally defaulted, Petitioner must establish cause and prejudice to excuse the default under *Martinez*. To meet this standard, a prisoner must establish the existence of a "substantial" claim of ineffective assistance of trial counsel. *Martinez*, 566 U.S. at 14. In addition, the prisoner must show that PCR counsel was ineffective in failing to

raise the claim in PCR proceedings. *See id.* The Court does not reach the second issue, where Petitioner has not made out a "substantial" claim for ineffective assistance of counsel at trial, *i.e.*, one with at least "some merit." *See id.* (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)).

The Sixth Amendment right to counsel includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish a violation of the Sixth Amendment's guarantees based upon the ineffective assistance of counsel, a party must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. A "strong presumption" exists that counsel's performance fell within a "wide range of reasonable professional assistance." *Id.* at 689. In addition, the "reasonable probability" contemplated by the second prong of this analysis is "a probability sufficient to undermine confidence in the outcome" of the trial. *Id.* at 694. When a court evaluates an attorney's performance under the *Strickland* standard, it must "eliminate the distorting effects of hindsight, . . . reconstruct the circumstances of counsel's challenged conduct, and . . . evaluate the conduct from counsel's perspective *at the time*." *Id.* at 690 (emphasis added).

Petitioner's first objection–that the Report failed to consider extra-record affidavit evidence–is incompatible with the requirement that trial counsel's decisions are to be evaluated in light of circumstances viewed from counsel's perspective at the time of the challenged conduct.

The affidavits at issue include the December 11, 2018 affidavit of Dante Hubbart, which, in contrast to his 2007 statement to police, places Don Chisolm rather than Petitioner on the passenger's side of the victim's car in the immediate timeframe of the shooting. The second

affidavit Petitioner wants considered is that of Veronica Myers, dated July 5, 2018, in which she submits her 2008 statement to police, which tended to incriminate Petitioner, was coerced.

While a court may evaluate facts outside the record to permit a petitioner to show grounds for excusing a procedural default, *see Fielder*, 2013 WL 593657, at *3,[1] Petitioner here fails to show how the affidavits are relevant to the substantiality of his underlying Sixth Amendment claim. Both records that the Magistrate Judge concluded are not properly considered on the question of the underlying Sixth Amendment claim were created more than seven years *after* Petitioner was convicted, and they differ materially from the facts trial counsel faced. The Magistrate Judge did consider the extra-record written statement of Dante Hubbart dated November 28, 2007, and concluded trial counsel could have had a number of valid strategic reasons not to call Dante Hubbart as a witness.[2]

Petitioner's second objection argues that the Report improperly resolves a factual issue in favor of the state by opining on what trial counsel's strategy actually was. Specifically, he objects to the Report's conclusions that (1) "trial counsel was aware of Hubbart's statement and the evidence the State planned to present and she decided against further investigating the crime[,]" and (2) "the record suggests trial counsel chose to support her defense theory by focusing the jury on the reputation of the apartment complex as a high-crime area." ECF No. 19 at 5.

---

[1] No party filed a specific written objection to the Magistrate Judge's recommendation that the Court deny Respondents' Motion to Strike, but only sought consideration of the extra-record attachments to which the motion is directed on the question of cause and prejudice to excuse procedural default. Finding no clear error in the recommendation, it is adopted and the motion is denied.

[2] For example, Dante Hubbart's pretrial statement places Petitioner in the passenger's seat of the truck in which Robert Earl Robertson was shot immediately prior to the shooting. Dante Hubbart stated "Don" shot the victim from the driver's side; however, as noted by the Magistrate Judge, the state's evidence showed the victim was killed from close range and that the shooter would have been on the passenger side of the truck. The Report also notes Dante Hubbart's potential credibility issues, where Petitioner was ultimately apprehended in New York City carrying Dante Hubbart's identification.

First, whether counsel's performance is constitutionally adequate is a mixed question of law and fact. *Smith v. Angelone*, 111 F.3d 1126, 1131 (4th Cir. 1997). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The law governing Petitioner's underlying Sixth Amendment challenge requires him to overcome the strong presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, supra, 350 U.S. 91, 101 (1955)). Respondents have carried their burden at this stage by positing a number of reasons why trial counsel would not have wanted to present Dante Hubbart as a witness, and Petitioner fails to demonstrate a genuine issue in response.

The Court is simply unable to conclude that Petitioner has raised a substantial Sixth Amendment claim based on trial counsel's decision not to call Dante Hubbart as a witness. His statement to police in 2007 placed Petitioner on the side of the vehicle where the shooter would have been according to the state's witness. This is corroborated by Petitioner's fingerprints, which were lifted from the front passenger side of the vehicle in which the victim was shot. Nevertheless, in 2007, Dante Hubbart stated "Don" shot the victim from outside the driver's side of the vehicle. Counsel could easily arrive at the reasonable conclusion that the jury would not find Dante Hubbart credible.

Finally, Petitioner has failed to demonstrate his entitlement to an evidentiary hearing on the issue of cause and prejudice to excuse the procedural default on this claim. In deciding whether to grant an evidentiary hearing, "a federal court must consider whether the hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. To the contrary, "if the record

refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* The facts are not genuinely disputed at this stage. Dante Hubbart's 2007 signed statement to police, which opposes his 2018 affidavit, placed Petitioner where the shooter would have been at the time of the shooting. Petitioner does not address this rather obvious issue attendant to Dante Hubbart's 2007 statement in the context of why trial counsel was required to call him as a witness at trial anyway. Instead, in his objection, Petitioner appears to rebut the Report's conclusion that the 2018 affidavit is materially different than the 2007 affidavit. *See* ECF No. 19 at 4. Because the record–enlarged for the limited purpose of determining whether Petitioner is able to show cause and prejudice–precludes habeas relief, the Court declines to hold an evidentiary hearing.

### C.    Ground Three: Petitioner Cannot Establish Prejudice Resulting from the Admission of a Mugshot into Evidence at Trial.

In the Report, the Magistrate Judge concluded that, although Petitioner's mugshot from a prior arrest should not have been admitted into evidence at trial under *State v. Traylor*, 600 S.E.2d 528 (S.C. 2004), Petitioner has failed to show that he was prejudiced by counsel's failure to object under *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner, in objecting to this conclusion, makes the factual argument that the admission of his mugshot had an "overwhelming prejudicial effect" where the state's evidence against him was circumstantial and weak. Respondents submit in their reply that trial counsel's performance was not deficient, and even if it was, Petitioner suffered no prejudice where the state presented "overwhelming proof" of Petitioner's guilt.

Under *Traylor*, the introduction of a mugshot into evidence constitutes reversible error unless "(1) the state has a demonstrable need to introduce the photograph, (2) the photograph shown to the jury does not suggest the defendant has a criminal record, and (3) the photograph is

not introduced in such a way as to draw attention to its origin or implication." *Traylor*, 600 S.E.2d at 527. The Court agrees that the photograph was objectionable as admitted and that counsel's performance was deficient for purposes of *Strickland*. The mugshot states "Charleston County Sheriff's Office Detention Center" in large letters across the top of the page and displays a booking date of May 11, 2007, which was prior to the murder and, therefore, necessarily unrelated to it. *See* ECF No. 8-2 at 26. Under the first prong in *Traylor*, as noted by the PCR court, the state demonstrated that the photograph was necessary to link Petitioner to a set of known fingerprints. *See id.* at 25. The PCR court's conclusion to this effect is not an unreasonable application of clearly established federal law, and Petitioner makes no specific objection to the Report on this point.[3] Under the second prong, however, the mugshot indicated that it was taken in a different county and on a different date than Petitioner's arrest for the murder of Robert Earl Robertson, thereby suggesting that Petitioner had a criminal record. Finally, under the third prong, it appears the mugshot was introduced in such a way as to draw attention to its origin and the implication that Petitioner may have a record. Specifically, trial counsel elicited testimony highlighting that the date of the booking photograph was May 11, 2007, prior to Robert Earl Robertson's murder. The Court agrees with the Report's conclusion that the mugshot was objectionable under *Traylor*, and Respondents' objections to this conclusion merely mirror the arguments in its Motion for Summary Judgment without adding any legal authority.

Petitioner has failed to show, however, that trial counsel's failure to object to the mugshot under *Traylor* "undermine[s] confidence in the outcome" of the trial or that the PCR court

---

[3] Petitioner does lodge an objection to the Magistrate Judge's conclusion that Petitioner–like Respondent–did not cite any legal authority in support of his position. After a thorough review of Petitioner's response, ECF No. 11 at 11-13, the Court agrees Petitioner engages in no legal analysis beyond stating the rule in *Traylor*.

unreasonably rejected Petitioner's argument to the contrary. *See Strickland*, 466 U.S. at 694. Petitioner's objection on the question of prejudice merely characterizes the state's case at trial as weak, with a "dearth of evidence," such that admission of the mugshot had an outsized impact on the jury's verdict. *See, e.g.*, *id.* at 696 (acknowledging that "a verdict . . . only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."). Respondents counter that the state presented "overwhelming proof," detailing certain of the evidence adduced at trial. The parties do not direct the Court to any case concerning their position or from which to determine the issue of prejudice in the context of what is a "weak" or a "strong" case. After a thorough review of the record evidence in this case, however, it is not "reasonably likely" that Petitioner would have been acquitted but for the admission of his May 11, 2007 mugshot. The state introduced fingerprint evidence showing that Petitioner had been in contact with the front passenger side door of the victim's car–the side from which the victim was shot. Petitioner's DNA was also collected from a still-powered-on headset found near the crime scene shortly after the killing. Petitioner's phone records provided a further link between himself and the victim, and on the day of the shooting, a string of calls to and from Veronica Myers, who was herself connected to the victim, ended just one minute after the shooting. After the shooting, Petitioner fled to New York with Veronica Myers, who later stated she "knew [they] were running from something." *See* ECF No. 17 at 19-23 (summarizing evidence adduced at trial). In light of the foregoing evidence, the verdict is not "weakly supported" such that error in admitting the mugshot undermines confidence in the result of the trial. Further, even if Petitioner could satisfy both prongs of the *Strickland* analysis on direct review, he has not shown that the state court's determination was not only incorrect, but also unreasonable. *See Williams*, 529 U.S. at 410 (2000) ("[A] federal habeas court may not issue the writ simply because that court concludes

in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

## IV.    Conclusion

After a thorough review of the Petition, the record, the Report, the applicable law, and the arguments submitted by the parties, the Court adopts the Report, ECF No. 17, GRANTS Respondents' Motion for Summary Judgment, ECF No. 9, DENIES Respondents' Motion to Strike, ECF No. 10, DENIES Petitioner's Motion for an Evidentiary Hearing, ECF No. 12, and DISMISSES the Petition, ECF No. 1, with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED.

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

June 5, 2020

Florence, South Carolina